IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WANDA J. GREEN                                                          Plaintiff

v.                                  4:06CV01720 JMM/JFF

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration,[1]                                             Defendant

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge James M. Moody. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Wanda J. Green, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claims for Disability Insurance benefits and Supplemental Security Income, based on disability. Both parties have submitted appeal

---

[1]Michael J. Astrue was sworn in as the Commissioner of Social Security on February 12, 2007. He is therefore substituted for Jo Anne B. Barnhart pursuant to Fed.R.Civ.P. 25(d)(1).

briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff alleged that she was limited in her ability to work by

carpal tunnel and tendinitis of the thumb. (Tr. 79) The Commissioner found that she was not disabled within the meaning of the Social Security Act. The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through January 27, 2006, the date of his decision. (Tr. 201) On November 3, 2006, the Appeals Council declined to assume jurisdiction, making the ALJ's decision the final decision of the Commissioner. (Tr. 186-89) Plaintiff then filed her complaint initiating this appeal. (Docket #2)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is not supported by substantial evidence and that the case should be remanded.

Plaintiff was 37 years old at the time of the second hearing.[2] (Tr. 242) She graduated high school and obtained an Associates Degree in medical records technology. (Tr. 85, 242) She has past relevant work as an auditor, operator, cashier, nursing assistant and dishwasher. (Tr. 199-200, 250-53)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. The first step involves a determination of whether the claimant is involved in

---

[2] Plaintiff appealed a prior adverse decision to this Court, which reversed and remanded. Green v. Barnhart, 4:04CV00654 JTR (Judgment, Aug. 22, 2005) (Tr. 209-19)

3

substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i) (2005). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. Id. at §§ 404.1520(b); 416.920(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement. Id. at §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If not, benefits are denied. Id. A "severe" impairment significantly limits a claimant's ability to perform basic work activities. Id. at §§ 404.1520(c); 416.920(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment. Id., §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If so, and the duration requirement is met, benefits are awarded. Id.

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made. Id., §§ 404.1520(a)(4); 416.920(a)(4). This residual functional capacity assessment is utilized at Steps 4 and 5. Id.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work. Id., §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If so, benefits are denied. Id.

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. Id., §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If so, benefits are denied; if not, benefits are awarded. Id.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date.  (Tr. 200)  He found that Plaintiff had "severe" impairments, carpal tunnel syndrome (postoperative) and a history of tendinitis of the thumb, but that she did not have an impairment or combination of impairments that met or equaled a Listing.  Id.  He judged that Plaintiff's allegations were not borne out by the overall record and were not fully credible to the extent alleged.  Id.

The ALJ found that Plaintiff retained the residual functional capacity for a wide range of light work, but could not perform jobs that required constant repetitive grasping and handling with the right hand.  (Tr. 199, 200)  Based on the testimony of a vocational expert in response to a hypothetical question, the ALJ found that Plaintiff could return to her past relevant work as a cashier and as a quality control worker.  (Tr. 200, 201)  Consequently, the ALJ concluded that Plaintiff was not disabled.  Id.

Plaintiff advances several arguments, only one of which need be discussed, because it has merit.  Plaintiff contends that the ALJ's hypothetical question to the vocational expert was flawed.  Marcia L. Hixson, M.D., performed surgery on Plaintiff's right hand and treated her for a number of years.  She re-examined Plaintiff on July 18, 2001, and noted these restrictions:

> Wanda Green was reexamined on 7-18-01.  She has persistent stiffness and weakness with pain in both hands following strenuous activity.  Ms. Green has permanent work restrictions due to her hand pain.  These are that she should not perform tasks which require repetitive grasping and pinching.  She can use a computer, but for short periods of time and with frequent breaks. Lifting, pushing and pulling are only slightly limited.

(Tr. 97)

The ALJ's hypothetical question to the vocational expert reads as follows:

> Q   I want you to assume that you're dealing with an individual the same age as the claimant with the same educational background and past work experience, further assume that the individual is limited to light work exceptionally,[3] but the individual could not do jobs that required <u>constant</u> repetitive grasping and handling with the right hand.  Now with this profile, could this individual perform any of the claimant's past jobs?

(Tr. 253-54)(emphasis added).

Dr. Hixson restricted Plaintiff from "repetitive grasping and pinching."  (Tr. 97)  The ALJ's hypothetical restricted "constant repetitive grasping and handling."  There is an obvious difference.[4]

The ALJ seems to have adopted Dr. Hixson's restrictions, but grafted "constant" into them without explaining why or pointing to substantial evidence which would support that modification.

It is well settled that a hypothetical question posed to a vocational expert must fully set forth a claimant's impairments. E.g., <u>Totz v. Sullivan</u>, 961 F.2d 727, 730 (8th Cir. 1992).  A hypothetical question posed to a vocational expert must capture the concrete consequences of claimant's deficiencies. <u>England v. Astrue</u>, F.3d 1017, 1023 (8th Cir. 2007); <u>Lacroix v. Barnhart</u>, 465 F.3d 881, 889 (8th Cir. 2006); <u>Pickney v. Chater</u>, 96 F.3d 294, 297 (8th Cir. 1996).

---

[3]No doubt, this should read "exertionally."

[4]Even if the difference were not obvious, it was pointed out as a deficiency in the first decision reversing and remanding.  (Tr. 218)  It is not necessary to repeat what was said in that decision.

The ALJ's hypothetical question was not supported by substantial evidence.  Based on the preceding and the record as a whole, the Court finds that the ALJ's decision is not supported by substantial evidence.  Therefore, the ruling of the Commissioner must be reversed and the matter remanded for a reevaluation and the asking of a proper hypothetical, if a hypothetical question is required.

THEREFORE, it is hereby

RECOMMENDED that the decision of the Commissioner be reversed and remanded for action consistent with this opinion.  This would be a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and <u>Melkonyan v. Sullivan</u>, 501 U.S. 89 (1991).

DATED this 8th  day of February, 2008.

_____
UNITED STATES MAGISTRATE JUDGE